## Ramey, et al. v. Shortridge.

(Decided March 23, 1923.)

### Appeal from Pike Circuit Court.

Continuance—Affidavit Held Insufficient.—Plaintiffs' affidavit for continuance, made after repeated delays in bringing the case to trial, which not only failed to show diligence, but also failed to allege that plaintiffs had a single witness who could or would testify in their behalf, or that their claim was meritorious, or that even they themselves would so testify, held insufficient, so that refusal of further continuance was not abuse of discretion.

PICKLESEIMER & STEELE for appellants.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The question at issue in this action is the correct location of the dividing line between the lands of appellants and appellee, and under the pleadings the burden of proof was upon the former, who were plaintiffs below. The issues were completed at the May, 1919, term of court, and no steps were taken at the following September term. At the next February term, no proof having been taken, the defendant moved for a submission. In resistance of the motion, plaintiffs filed an affidavit claiming that they had been prevented from preparing the case for trial by an attempted settlement out of court. The motion to submit was not further pressed or acted upon, but at the next term in May, 1920, defendant gave plaintiffs notice withdrawing all propositions of compromise and a rule was entered requiring them "to submit and try this cause at the next term of the court on the first day of the term thereof."

At the September term, plaintiffs still having taken no proof, defendant renewed his motion to submit, and plaintiffs filed a motion for a continuance. The court sustained the motion to submit, and dismissed the action.

Complaining of that judgment, plaintiffs insist the court committed reversible error in refusing to grant them another continuance to enable them to take their proof. The grounds presented for a continuance in the affidavit of one of their counsel may be thus summarized:

A notice to take depositions on September 9, 1920 (four days before the September term would begin), was prepared on August 31st by affiant, and on that day

same, together with subpoena for plaintiffs' witnesses, was placed in the hands of the sheriff. The sheriff neglected to serve the notice on defendant, and although he served the subpoena on the witnesses and they were paid their fees for mileage and attendance, none of them appeared. After affiant learned the notice had not been served upon defendant, it was too late to prepare the case for this term of court. Affiant also alleged that he acted in good faith, and that "this affidavit is not made for delay, but that justice may be done."

Aside from the apparent insufficiency of the affidavit to show reasonable diligence under the circumstances, there is no allegation that plaintiffs have a single witness who can or will testify in their behalf, or that their claim is meritorious, or that even they, themselves, will so testify; and it seems too plain for argument that the court did not abuse a sound discretion in refusing a further continuance of the case.

Judgment affirmed.